## KLUKAS V. YOUNT.

[No. 18,103.  Filed April 11, 1951.]

*Stump & Emswiller,* of Indianapolis, for appellant.

*Ryan, Chester & Clifford,* of Valparaiso, for appellee.

MARTIN, J.—This is an appeal from a judgment in favor of the appellee in an action to recover damages for personal injuries received by her in an automobile

collision between a taxicab, wherein she was a passenger, and another automobile. Said taxicab was owned and operated by the appellant and said collision resulted from the alleged negligence of the appellant.

The issues were decided by the court, without the intervention of a jury, in favor of the appellee and against the appellant. The court below entered a judgment for the appellee and against the appellant in the sum of $3,000.00 with costs.

The error assigned and relied upon by the appellant for the reversal of this cause is that the court erred in overruling appellant's motion for a new trial, the specifications contained in said motion being:

> (1) The decision of the court is not sustained by sufficient evidence.
> (2) The decision of the court is contrary to law.

On appeal, when the sufficiency of the evidence is questioned, we do not weigh the evidence, but we examine the record to see if there is any evidence, or any reasonable or logical inference which may be drawn from the evidence, which if believed by the court would sustain the findings and decision of the court. *Gamble* v. *Lewis* (1949), 227 Ind. 455, 85 N. E. 2d 629; *Butterfield* v. *Trittipo* (1879), 67 Ind. 338, 342; *Indiana Ins. Co.* v. *Handlon* (1940), 216 Ind. 442, 24 N. E. 2d 1003.

The record, when considered most favorable to the appellee, and with reasonable inference against the appellant, discloses that on June 9, 1946, at approximately 2:30 A. M., the taxicab owned and operated by the appellant was being driven in an easterly direction and approaching the intersection of the Peele road in Starke County, Indiana. An automobile owned and operated by James Lyle approached said intersection from the

south, being driven north on said Peele road. The vehicles came in collision in the intersection and as a result of said collision the appellee sustained personal injuries.

The evidence further shows that the intersection at the side was overgrown with brush; that one could not see any distance; that the appellant did not see the lights of the other car until immediately before the crash; that he did not sound his horn; that he approached said intersection at 40 miles per hour and before arriving at the intersection there was no slackening of speed, nor were the brakes applied by the appellant. The appellant was well acquainted with the particular crossing, having traveled over the same from three to five times daily. The evidence shows the James Lyle car traveling 45 miles per hour.

The driving of the appellant into a known intersection where his view was greatly obstructed, without slackening his speed or applying his brakes, may have been considered by the court, under the circumstances, to have been acts of negligence.

The trial court, having the witnesses before it and having the right to judge the respective credibility and the inferences which it had a right to draw, could reasonably have found the appellant to have been guilty of one or more of the acts of negligence charged in the complaint.

The evidence further shows that the owner of the automobile traveling north carried insurance against public liability in the State Farm Mutual Automobile Insurance Company of Bloomington, Illinois; that a certain "loan receipt" agreement was entered into by and between the State Farm Mutual Automobile Insur-

ance Company and the appellee, said State Farm Mutual Automobile Insurance Company advancing and loaning to the appellee the sum of $2,500.00 in accordance with the terms of said loan agreement. Whereupon, the appellee was to institute suit against Henry Klukas for the purposes specified in said loan agreement and said loan was repayable only to the extent of her recovery.

Counsel for the appellant contends that the insurance company in the instant case is a necessary party-plaintiff as the real party in interest. Burns' 1946 Replacement, § 2-201, provides as follows:

"Every action must be prosecuted in the name of the real party in interest, except as otherwise provided in the next section; but this section shall not be deemed to authorize the assignment of a thing in action not arising out of contract."

The question in this case is whether an insurance carrier may lend anyone who has suffered injury through the negligence of its insured an amount sufficient to cover his loss under an agreement that he will institute suit in his own name against the one causing the loss, or against another insurance carrier, and that he will be obligated to repay the loan only to the extent of his recovery in the suit; and whether such a transaction amounts to absolute payment or has the effect of satisfying such person's loss. Counsel states that there are no cases on this question in this state and we have found none but there are innumerable foreign cases covering this question. A few of the leading cases on the subject are: *State Farm Mut. Auto Ins. Co.* v. *Hall* (1942), 292 Ky. 22, 165 S. W. 2d 838; *Luckenbach* v. *McCahan Sugar Ref. Co.* (1918), 248 U. S. 139, 39 S. Ct. 53, 63 L. Ed. 170, 1 A. L. R.

1522; *Bradley* v. *Lehigh Valley R. Co.* (C. C. A. 2d, 1907), 153 Fed. 350, 82 C. C. A. 426; *First National Bank of Ottawa* v. *Lloyd's of London* (C. C. A. 7th, 1940), 116 F. 2d 221, 132 A. L. R. 599; *McCann* v. *Dixie Lake & Realty Co.* (1932), 44 Ga. App. 700, 162 S. E. 869. See annotations 1 A. L. R. 1528 and 132 A. L. R. 607.

These authorities point out that it is the intention of the parties to the transaction which determines whether or not it is a loan or an absolute payment.

Under the authorities just cited, the loan did not amount to a payment of the loss nor did the lender, State Farm Mutual Automobile Insurance Company, become subrogated to the claim of the appellee against appellant so as to require the action to be brought in its name.

"A loan receipt" is an instrumentality which permits an insurer to pay an insured speedily and yet press in court to recoup its losses from the wrongdoer without the insurer appearing by name, thereby avoiding some of the consequences of subrogation. *Merrimack Mfg. Co.* v. *Lowell Trucking Corp.* (N. Y. 1944), 46 N. Y. S. 2d 736; *Sosnow, etc., et al.* v. *Storatti Corp.* (N. Y. 1945), 54 N. Y. S. 2d 780; 1 A. L. R. 1522-Note, p. 1528; 132 A. L. R. 599.

The appellant contends that the loan agreement is void because insurance companies, under their general powers, cannot make loans. Burns' 1940 Replacement, § 39-3702, reads in part as follows:

"(a) Every corporation shall have the capacity to act which is possessed by natural persons, but shall have the authority to perform such acts only as are necessary, convenient or expedient to accomplish the purposes for which it is formed and such as are not repugnant to law."

Sub-section (10) of the above section provides:

"(10)  To do all acts and things necessary, convenient or expedient to carry out the purposes for which it is formed."

We are of the opinion, under the above sub-section 10, that in the adjustment of the liability of the insurance company, under their policy, they have the power to enter into loan agreements and make advancements in connection with the settlement of their liability to the insured.

The appellant further contends that the transaction in question is contrary to the provisions of § 39-4303, Burns' 1940 Replacement.  This statute provides that any insurance company, other than a life insurance company, shall invest its capital or guaranty fund in certain investments, and not otherwise.  This statute relates to the basic capital structure of an insurance company and to the investments thereof.  It does not apply to the working funds of a company which are constantly used in connection with the adjustment, settlement and compromise of claims which arise from day to day.

The particular sum of money involved in this case, which was loaned to the appellee under the loan agreement, was used solely to protect the insurance company from what it considered to be possible threatened litigation.  The instruments executed by the appellee and the insurance company are self explanatory in that respect, and we, therefore, do not consider the money used in this instance an investment of capital within the meaning and intent of the above section.

The appellant contends that the agreement between the insurance company and the appellee constituted

champerty. There was no issue raised in the trial court, either by answer or other pleadings or objections, raising the question of champerty, therefore, it is waived and cannot be raised in this court.

Finding no reversible error, the judgment is affirmed.

NOTE.—Reported in 98 N. E. 2d 227.