17956

Othella D. MARTIN, Respondent, v. Henry J. McLEOD d/b/a
McLeod Construction Company, Appellant
(127 S. E. (2d) 129)

*Francis R. Fant, Esq.,* of Anderson, *for Appellant,*

*Messrs. Watkins, Vandiver, Freeman & Kirven,* of Anderson, *for Respondent,*

August 28, 1962.

BRAILSFORD, Justice.

The dwelling occupied by plaintiff and her husband was damaged by fire, allegedly caused by the negligence and willfullness of the defendant. Plaintiff brought this action against the defendant to recover actual and punitive damages for injury to her personal property. (The damage to the real estate is the subject of a companion action brought by plaintiff's husband.) The defendant pleaded that plaintiff was not the real party in interest, that she had been fully paid for any loss by an insurance company and that she had assigned the cause of action sued on to such company. This appeal is from an order of the circuit court striking this defense as sham. The main question is whether the

transaction between plaintiff and her insurance company resulted in subrogation.

It is admitted that the sum of $2,177.00, the full amount of the loss compensable under a fire insurance policy, was paid to plaintiff by her insurance carrier. At the hearing on the motion to strike, plaintiff offered in evidence an instrument, whereby she acknowledged receipt of this sum, "as a loan and repayable only to the exent of any net recovery I may make from any person or persons, corporation or corporations, on account of loss by fire to our property on or about April 25, 1960."

"As security for such repayment I hereby pledge to said State Farm Fire & Casualty Insurance Company the said recovery and deliver to it all documents necessary to show my interest in said property, and we agree to enter and prosecute in my name, suit against such person or persons, corporation or corporations, on account of said claim for said loss, with all due diligence, at the expense and under the exclusive direction and control of said insurance company."

Plaintiff testified that this receipt was explained to her by the insurance adjuster, that she considered the defendant primarily liable for her damages and understood that the insurance company was making her a loan which would be repayable out of any recovery against the defendant.

If the insurance company had made an unconditional payment of the full amount of plaintiff's loss, it would have been subrogated to her rights against the person causing the loss, either under the terms of the policy or under the equitable doctrine, and the plea in bar would have been good. Instead, the insurance company, with the assent of the insured, undertook to forego its right of subrogation and to leave title to the cause of action in plaintiff. The question is whether the use of the loan receipt accomplished this purpose. If so, the plea was properly stricken as sham, good in form but false in fact. We think that an affirmative

answer is required by the authorities cited in the order of the circuit court, from which we quote:

"The landmark case in the United States in which the Court held that sums paid over under such an agreement should be regarded as loans and not as absolute payment is *Luckenbach v. W. L. [J] McCahan, Sugar Refining Co.,* 248 U. S. 139, 39 S. Ct. 53, 63 L. Ed. 170, in which Mr. Justice Brandeis said, 'It is creditable to the ingenuity of businessmen that an arrangement should have been devised which is consonant both with the needs of commerce and the demands of justice.' The South Carolina Supreme Court in *Phillips v. Clifton Mfg. Co.,* 204 S. C. 496, 30 S. E. (2d) 146 [157 A. L. R. 1255] said, 'The Luckenbach decision has been uniformly followed by state courts in passing upon the validity of loan receipt agreements * * * and we are in accord with these decisions.' The South Carolina Court in the later case of *South Carolina Electric and Gas Co. v. Aetna Life Insurance Co.,* 230 S. C. 340, 95 S. E. (2d) 596, citing the *Luckenbach case* and the *Phillips case, supra,* said, 'Loan receipt agreements such as that before mentioned have been in general use for many years and have been given effect in accordance with their provisions, the loan receipt transaction being considered not as absolute payment of insurance but as a loan or conditional payment.' "

We recognize that in the *Luckenbach case* the insured could not have insisted on payment when the funds were advanced and the loan receipt taken, because the liability of the insurer was contingent upon the nonliability of the carrier in whose hands the goods were damaged. Some decisions limit the effectiveness of a loan receipt to situations involving this element of contingent liability. *Clow v. National Indemnity Co.,* 54 Wash. (2d) 198, 339 P. (2d) 82. However, the liability of the insurance company was unconditional in *Phillips v. Clifton Mfg. Co.,* 204 S. C. 496, 30 S. E. (2d) 146, in which this court held that a loan receipt, which had been adopted for the sole purpose of avoiding subrogation, was effective. This conclusion is supported

by the weight of authority, 29A Am. Jur., Insurance, Sec. 1722, Page 802; and, we think, by sound reasoning. *Furrer v. Yew Creek Logging Company,* 206 Or. 382, 292 P. (2d) 409; *Sosnow, Kranz & Simcoe, Inc. v. Storatti Corp.,* 269 App. Div. 122, 54 N. Y. S. 780, affirmed 295 N. Y. 675, 65 N. E. (2d) 326; *Blair v. Espeland,* 231 Minn. 444, 43 N. W. (2d) 274; *Klukas v. Yount,* 121 Ind. App. 160, 98 N. E. (2d) 227. See also 46 C. J. S., Insurance, § 1201, page 140, and Annotation, 157 A. L. R. 1266.

The defendant was a stranger to the insurance contract, and plaintiff and her insurer were free to contract with each other as they saw fit without affecting his rights. By shaping their transaction as a loan, they left the defendant as if the property had not been insured, or as if they had postponed settlement. He can be sued only once and has no interest to protect by impeaching their motives. We hold that the loan receipt is a lawful device by which subrogation was avoided and under which plaintiff was entitled to bring the action in her own name.

The defendant objected to the admission of the loan receipt in evidence on the ground that, in the absence of a policy provision for settlement in this manner, its use violated Section 37-147, Code of Laws 1952, which prohibits discrimination with respect to insurance contracts. The defendant has no standing to invoke the statute. Furthermore, the purpose of this section is to prohibit discrimination in the making of insurance contracts. Special agreements are a natural incident of the settlement of losses under such contracts and are not prohibited.

Rather numerous exceptions charge error in the conduct of the hearing on the motion to strike and in the rulings of the circuit judge at the hearing. Most of these relate to defendant's contention that the loan receipt was not conclusive of the nature of the transaction, which should have been determined according to the intention of the parties; and to the failure of the trial judge to require the attendance of wit-

nesses, the production of records, etc. Conceding that intention is controlling, we are satisfied that the order appealed from reached the correct result on sufficient evidence. These exceptions need not be discussed, because, if there was any error as assigned, defendant was not prejudiced thereby. He made no offer of proof and the record does not suggest what evidence might have established that plaintiff and her insurer intended unconditional payment, instead of a loan or conditional payment, for which they contracted. We have considered all of the exceptions and find that they are either without merit or that the errors assigned are non-prejudicial.

Affirmed.

TAYLOR, C. J., and MOSS, LEWIS and BUSSEY, JJ., concur.