18669

The TRAVELERS INSURANCE COMPANY, Appellant, v. ALL-
STATE INSURANCE COMPANY and E. D. Bessinger, II,
Respondents.

(155 S. E. (2d) 591)

*R. M. Kennedy, Jr., Esq.*, of Columbia, *for Appellant,*

*Messrs. Turner, Padgett, Graham & Laney,* of Columbia, *for Respondents,*

594

June 15, 1967.

LITTLEJOHN, Justice.

The circuit judge sustained the respondents' demurrer to the complaint of the appellant, and dismissed the action. The ground of the demurrer is that the complaint does not state facts sufficient to constitute a cause of action in that one tort-feasor is seeking contribution from another tort-feasor on a judgment rendered against both. This court is now asked to review and reverse the order of the lower court.

The relevant allegations of the complaint, which must be accepted as true for the purpose of the demurrer, are in essence as follows:

That Robert M. Gray procured a verdict in the amount of $25,000, representing actual damages, against Raymond Barnes, Bradley E. Pou, Reichhold Chemicals, Incorporated, James C. DeLoach, and E. D. Bessinger, II;

That the verdict and judgment entered thereon arose out of a collision which occurred between an automobile operated by the respondent E. D. Bessinger, II, in which Gray was riding as a guest passenger, and a truck operated by the defendants Barnes and Pou, and also a tractor trailer

owned by Reichhold Chemicals, Incorporated, and operated by James C. DeLoach;

That judgment was entered in Bamberg County against all of the named defendants in that action and all became joint judgment debtors of Gray. Barnes and Pou are insolvent;

That Gray was a guest passenger of Bessinger at the time and the verdict against him was based on intentional acts or recklessness under Section 46-801 of the South Carolina Code, commonly called the Guest Passenger Statute, and that the verdict against Reichhold and its driver DeLoach was based on a finding of simple negligence;

That the acts of Reichhold's driver DeLoach and the acts of Bessinger were independent of and without concert, act or agreement;

That the appellant Travelers Insurance Company was the liability insurance carrier for Reichhold and DeLoach, and that the respondent Allstate Insurance Company was the liability insurance carrier for Bessinger;

That counsel for Gray, after demand by Travelers, refused to call upon Allstate and Bessinger for any payment on the judgment, and that it became necessary for Travelers Insurance Company on behalf of Reichhold and DeLoach to pay the entire judgment under threat of attachment, which payment has been made and judgment satisfied;

That such payment resulted in unjust enrichment of the respondents and that the respondents should be made to contribute to the payment of the judgment.

The prayer for relief asks that the respondents herein be required to contribute to the payment of the judgment by payment to the appellant of an amount equal to one-half of the judgment.

Upon hearing the demurrer, Judge John Grimball sustained the demurrer in a well-reasoned order, holding that under the law of this state one tort-feasor may not require contribution from another tort-feasor where both are bur-

dened with a common judgment growing out of a single collision.

By exceptions the appellant alleges three grounds of error against the lower court; (1) that the circuit judge erred in holding that the complaint did not allege a valid cause of action on a joint judgment debt should be bourne equally and that payment by the appellant alone resulted. in unjust enrichment; (2) that the circuit judge erred in refusing to hold that contribution should be allowed under one of the common law exceptions to the common law rule denying right to contribution between joint tort-feasors; and (3) that the circuit judge erred in considering matters outside the complaint in reaching his decision to sustain the demurrer.

Throughout this case each insurance carrier is in the same legal position as its insured. A liability insurance carrier only contracts to pay any debt the insured is liable to pay. The motor vehicle liability policy approved by State law, Section 46-750.32, requires a liability policy to protect the insured "against loss from the liability imposed by law for damages arising out of the ownership," etc. The obligation of the insurance carrier is established by contract and cannot be changed by this court or even by the General Assembly since Article I, Section 8, of the South Carolina Constitution forbids the Legislature to enact any law impairing the obligation of contracts.

The Legislature could by statute change the substantive law of this State as relates to the obligations of joint tort-feasors and could provide for contribution; and this court might accomplish the same purpose by overruling its previous decisions. But the obligation of insurance carriers as established by contract may not be changed without first altering the rights and obligations of the parties they insure. The debt to Gray as established in the original trial has been paid on behalf of one joint tort-feasor and when that debt was obliterated, the other joint tort-feasor was completely released and, accordingly, he has

not and cannot suffer a loss and there is no debt existing for his own insurance carrier to pay. Bessinger cannot be made to pay under the substantive law of this State and Allstate has never contracted to protect anyone else. Any other ruling would, in effect, make a new contract for the parties. Accordingly, the demurrer of Allstate is equally as strong or as weak, as that of Bessinger. Allstate cannot be directed to pay unless and until Bessinger is first liable and directed to pay. *American Fidelity & Casualty Co. v. Zurich, General Acc. & Liab. Ins. Co.,* D. C., 70 F. Supp. 613; *Hills v. Price,* D. C., 79 F. Supp. 494; 60 A. L. R. (2d) 1388.

In passing upon the demurrer, the court is limited to a consideration of the pleading under attack. All of the factual allegations of the complaint that are properly pleaded are, for the purpose of such consideration, deemed admitted. When a fact is pleaded, whatever inferences of law or conclusions of fact may properly arise from it are to be regarded as embraced in such averment. *Alderman v. Bivin,* 233 S. C. 545, 106 S. E. (2d) 385.

The demurrer admits the facts alleged in the complaint, but does not admit the inferences drawn by plaintiff from such facts and it is for the court to determine whether such inferences are justifiable.

In the recent (1963) case of *Atlantic Coast Line Railroad Company v. Whetstone,* 243 S. C. 61, 132 S. E. (2d) 172, this court adhered to the common law rule relating to contribution:

"The general rule is that there can be no indemnity among mere joint tort feasors. Since the decision in *Merryweather v. Nixon,* decided in 1799, 8 T. R. 186, 101 Eng. Reprint 1337, it has been said to be an established principle of the common law that as between joint tort-feasors there is no right of contribution or indemnity, the rule being premised on the doctrine that the Courts are not open to wrongdoers to assist them in adjusting the burdens of their misconduct, and that the law will not lend its aid to one

who founds his cause of action on a delict. 27 Am. Jur., Indemnity, Section 18, page 467."

The complaint does not in words denominate Reichhold and Bessinger. as joint tort-feasors, but the conclusion is inescapable from the four corners of the complaint. The averment that the action of these two judgment debtors was independent of and without concert or agreement is not inconsistent with their being joint tort-feasors, and the very gravamen of the action and the resulting judgment upon which the appellant herein relies are bottomed upon the proposition that both Bessinger and Reichhold's driver DeLoach were guilty of actionable negligence (recklessness and negligence respectively) proximately causing injury to Gray.

Under the law of this State, one injured by the actionable negligence of two or more joint tort-feasors may elect that party or parties whom he will sue and may pursue the collection of a judgment procured against any one or more of the judgment debtors.

The fact that a claim has proceeded to an actual judgment and has been paid does not alter the rights of the parties. In determining whether a joint judgment debtor may be required to contribute, the courts look to the relationship of the parties prior to entry of the judgment.

The rule is set forth in 18 Am. Jur. (2d) 86, Contribution, Judgment Debtors, paragraph 58:

"Where two or more co-obligors are jointly, or jointly and severally, liable upon a contractual or quasi-contractual obligation, and the creditor recovers judgment thereon, an obligor who is compelled to pay the whole or more than his share of such judgment may, as a general rule, recover contribution from his codebtors therefor. This general rule obtains also where contribution may be had between joint tort-feasors and one such tort-feasor is compelled to pay the whole, or more than his share, of a judgment recovered by

the injured party. *In general however, and in the absence of any statute to the contrary, it may be said that the judgment, whether ex contractu or ex delicto is not, in any sense, the foundation of the action;* the same obligation would rest upon a codebtor to pay his aliquot share should the claimant have made his payment on the common burden, indebtedness, or liability without waiting for suit. *Nor is there such a merger of the debt in the judgment as to fix, by the judgment, the relation of the parties upon the issue of contribution."* (Emphasis added.)

And paragraph 59:

"* * * The principle of contribution is equality in bearing a common burden, and this equality may depend upon the circumstances and relations of the parties anterior to the judgment. * * *

"Where a judgment is rendered against tort-feasors and one of the tort-feasors pays the judgment, he is nevertheless not entitled to contribution from the other tort-feasor if contribution between the tort feasors is not permissible by reason of any principle precluding the application of the doctrine of contribution among tort-feasors or by reason of any circumstances in the particular case precluding such application * * *."

Paragraph 60:

"The rules as to the measure and apportionment of contribution are, in general, unchanged by the mere fact that the obligee has recovered judgment against some or all of those under the common burden. * * *"

Appellant asks this court by its Exception No. 2 to reverse the lower court because "* * * the complaint clearly alleged a valid cause of action within the well established and recognized exceptions to the general common law rule." While it is true that some states recognize one or more exceptions to the common law rule, counsel does not cite any law of this state recognizing any exception alleged in the complaint.

It is the contention of the appellant that the lower court went outside the record as a basis for sustaining the demurrer. This contention is predicated upon the fact that the judge quoted from the case of *Gray v. Barnes, et al.,* 244 S. C. 454, 137 S. E. (2d) 594, which gave rise to the judgment. However, we do not think that he relied upon any factual statement therein as a basis for his conclusion and we think that his holding was warranted independent of reference to or quotations from that case. The whole of the complaint alleges that both Reichhold and Bessinger were found guilty of actionable negligence and consequently ended up as common joint debtors and the case is bottomed on this premise.

See 18 Am. Jur. (2d) 66, paragraph 47:

"The principle followed generally, where contribution is allowable among tort-feasors either at common law or under statute, is that in order for the right of contribution to accrue among tort-feasors they must be joint wrongdoers in the sense that their tort or torts imposed a common liability upon them to the person or persons injured."'

We conclude that the circuit judge correctly decided the issues and his order should be and is

Affirmed.

Moss, C. J., and LEWIS, J., concur.

BUSSEY and BRAILSFORD, JJ., dissent.

BUSSEY, A. J. (dissenting).

The principal issue involved in this appeal is one of novel impression in this jurisdiction, as to which we are bound by no precedent of this court. As justice, equity and, in my view, sound principles of law, all require a reversal of the judgment of the lower court, I most respectfully dissent.

The judgment of the lower court and the opinion affirming the same are, in the final analysis, based on the proposition, stated in the opinion, as follows:

"Throughout this case each insurance carrier is in the same legal position as its insured."

Were this a suit based on the principle of subrogation, I would not disagree with the foregoing statement. Travelers has sued, however, not as a subrogee of its insured or of any other person, but brings a suit for contribution which is an independent right, inherently equitable in nature. 18 Am. Jur. (2d) 9, Contribution, Sec. 3. The doctrine and right of contribution is founded upon principles of equity and natural justice and comes from the application of principles of equity to the condition in which parties are found in consequence of some of them, as between themselves, having done more than their share in performing a common obligation. It is separate and distinct from the equitable principle of subrogation and is not derived therefrom. 18 C. J. S., Contribution, § 2, p. 4; *Central Banking & S. Co. v. United States Fidelity & Guaranty Co.,* 73 W. Va. 197, 80 S. E. 121, 51 L. R. A., N. S., 797; *Hunsucker v. High Point Bending & Chair Co.,* 237 N. C. 559, 75 S. E. (2d) 768.

The principles upon which the right to contribution rests are set forth in our early case of *Screven v. Joyner,* 1 Hill Eq. (10 S. C. Eq.) 252, as follows:

"The liability to contribute is the result of a general equity, founded on the equality of burthens and benefits;' *Harris v. Ferguson,* 2 Bail. 397. To establish the right of contribution, the plaintiff must shew that his payment has removed a common burden from the shoulders of himself and the defendant, and that they are each benefited by it. This occurs in all cases of payments madt by one surety, on the debt for which several are bound—a common burden is removed and a common benefit received."

The cited case of *Harris v. Ferguson, supra,* is authority for the proposition that there is no significance to the fact that the two insurers here were bound to the common burden by separate policies of insurance, and the further proposition that insolvency of one or more of the liable parties, as here, leaves the burden to be borne equally by those who are solvent. In the instant case neither of the insurers was a wrongdoer, and the reason underlying the rule denying

contribution to a joint tort feasor is entirely absent. Both insurers involved are bound not as tort feasors, but as a result of the perfectly lawful contracts which they issued. To allow one of them to recover contribution from the other impinges not at all on the rule laid down in *Atlantic Coast Line R. Co. v. Whetstone,* 243 S. C. 61, 132 S. E. (2d) 172, denying indemnity or contribution in favor of one tort feasor against another, since neither is a tort feasor. That Bessinger is a tort feasor is immaterial, since Travelers is not.

When the judgment was obtained by the plaintiff Gray in the tort action, the two insurers, as a result of their separate policies, and subject, of course, to any policy limits or defenses which either might have, became equally bound by a common burden and a duty to pay the judgment which Gray had obtained. Travelers has been forced to pay all of this common burden and is suing on its independent right of contribution which arose not out of any right of its insured, but independently, out of Travelers having been forced to pay for the benefit of Allstate its share of a common and equal burden. Accordingly, the complaint alleges a good cause of action under the principles established in this state in the above cited cases of *Screven v. Joyner* and *Harris v. Ferguson*

There is, admittedly, precedent from other jurisdictions supporting the conclusion that the carriers here are in the same legal positions as their respective insureds. In some instances, where such rule has been applied, the actions appear actually to have been brought on the principle of subrogation, rather than contribution as here, and in others the courts either assumed that the actions were based on subrogation, or simply did not consider the features which distinguish subrogation and contribution. In brief, I have found no soundly reasoned authority from any jurisdiction which would warrant this court following the same and reaching a clearly unjust result. I would, accordingly, reverse the judgment of the lower court.

BRAILSFORD, J., concurs.