18833

AMERICAN FIDELITY FIRE INSURANCE COMPANY, Appellant, v. HARTFORD ACCIDENT AND INDEMNITY COMPANY, Joseph A. Shipman, Patsy G. Shipman, Joseph Williams, a minor, and Willie Simmons, Respondents.

(163 S. E. (2d) 926)

*Messrs. Pierce, Ranitz, Lee, Berry & Mahoney,* of Savannah, Georgia, and *Felix B. Greene, Jr.,* of Beaufort, *for Appellant,*

508

*Messrs. Colden R. Battey, Jr., of Harvey, Harvey & Battery,* of Beaufort, and *Donald F. Richardson, III,* of *Whaley, McCutchen, Blanton & Richardson,* of Columbia *for Respondent,*

November 1, 1968.

BRAILSFORD, Justice.

Following an automobile collision, Patsy G. Shipman recovered a judgment for $4,000.00 against Willie Simmons and Joseph Williams as joint tort feasors. Williams was uninsured. American Fidelity Fire Insurance Company, Simmons' liability carrier, paid $2,000.00 to the judgment creditor and seeks a declaratory judgment fastening liability upon Hartford Accident and Indemnity Company, the injured party's liability carrier, for the balance due on the judgment. The circuit court denied this relief, and American has appealed. We affirm.

American contends that it has discharged the liability of its insured by paying one-half of the judgment and that the balance due on the judgment is the liability of the uninsured tort feasor, which should be paid by Hartford. The following excerpt from the brief indicates that this misconception has its roots in certain language found in a 1918 decision of this court:

"Under the principles of law applicable generally and followed by this Court, a joint judgment means that each of the joint debtors is liable to the creditor for one-half the judgment. This principle is well illustrated by our decision of *Brown v. Southern Railway Co.,* 111 S. C. 140, 96 S. E. 701, cited by Judge Rhodes in his Order overruling the Demurrer: 'the rule of law is that one of two joint wrongdoers can have no contribution from the other. Both the Defendants are liable to pay the recovery in equal parts.'

"* * * Joseph Williams and Willie Simmons were each found liable to Mrs. Shipman in the sum of $2,000.00. American Fidelity Fire Insurance Company, on behalf of Willie Simmons has paid his half the judgment, * * *."

The *Brown* case involved appeals on numerous exceptions by the railway company and the City of Spartanburg from a judgment against both as joint

tort feasor. Each defendant sought reversal of the judgment against it. The language quoted from the opinion was not addressed to any issue involved on the appeal and was not intended to convey the meaning attributed to it by American. Thus construed, it is athwart the settled law of this jurisdiction, most recently stated in *Travelers Insurance Co. v. Allstate Insurance Co.,* 249 S. C. 592, 155 S. E. (2d) 491, as follows:

"Under the law of this State, one injured by the actionable negligence of two or more joint tort-feasors may elect that party or parties whom he will sue and may pursue the collection of a judgment procured against any one or more of the judgment debtors." 155 S. E. (2d) at 594.

For additional cases, see 17 West's South Carolina Digest, Torts, 22.

The judgment was the common burden of the two tort feasors, with American contractually bound to pay for its insured. American is not entitled to have this burden eased at the expense of the judgment creditor's insurer. Uninsured motorist legislation was adopted to benefit insured motorists. It was never intended "to relieve other insurers of primary responsibility for their own contractual obligations or to benefit them in any way." *Motors Ins. Corp. v. Surety Ins. Co.,* 243 S. C. 487, 134 S. E. (2d) 631.

Affirmed.

Moss, C. J., and LEWIS, BUSSEY and LITTLEJOHN, JJ., concur.