19153

NATIONWIDE INSURANCE COMPANY, Appellant v.
HARTFORD ACCIDENT & INDEMNITY COMPANY, Respondent
(178 S. E. (2d) 660)

*Pledger M. Bishop, Jr., Esq.* of *Moore, Mouzon & Mc-Gee,* of Charleston, *for Appellant,*

*Robert A. Patterson, Esq.,* of *Barnwell, Whaley, Stevenson & Patterson,* of Charleston, *for Respondent,*

January 13, 1971.

LITTLEJOHN, Justice.

The plaintiff, Nationwide Insurance Company, brings this action to recover from the defendant, Hartford Accident and Indemnity Company, a pro rata share of the $8,000 it paid to James Ronald Mixson because of an injury sustained in an accident. Hartford demurred to the complaint on the ground that it appeared on the face of the complaint that no cause of action was stated because "the Plaintiff manifestly made payment as a volunteer and hence is not entitled to contribution from the Defendant," and, "excess payment, if any, paid by the Plaintiff was a purely voluntary payment not entitling Plaintiff to contribution from the Defendant." The lower court sustained the demurrer; Nationwide appeals. We reverse.

For the purpose of a demurrer the facts alleged in the complaint must be taken as true. *Wallace v. Timmons,* 232 S. C. 311, 101 S. E. (2d) 844 (1958).

The relevant portions of the complaint allege that on July 28, 1962 Ellis Hunt was driving his Mercury automobile and was pulling a trailer owned by C. W. Priester. Hunt had the permission of Priester to use the trailer. James Ronald Mixson, who was riding in the trailer, fell therefrom and sustained serious and permanent personal injuries.

Nationwide issued and had in effect a policy of automobile liability insurance covering Hunt, and the operation of his Mercury automobile. At the same time Hartford had issued and had in effect an auotmobile liability insurance policy covering C. W. Priester and the operation of the trailer and anyone using it with consent.

It is further alleged that both the Hartford policy and the Nationwide policy contained a pro rata clause providing in essence that should there be other insurance available to its insured, each company would not be liable for a greater proportion of any loss than its limit of liability bore to the total limit of liability of all collectible insurance available to its insured against such loss.

The complaint further shows that suit was brought by Mixson against Hunt and Priester for injuries occasioned by Hunt's negligence while using his automobile to pull the Priester trailer. It alleges that Nationwide undertook to defend the suit on behalf of Hunt, and Hartford undertook to defend the suit on behalf of Priester. In the trial Priester was granted a nonsuit and counsel left the courtroom and did not further participate in the trial. Prior to verdict Nationwide settled the claim for $8,000.

The complaint alleges that Nationwide and Hartford were jointly liable to Hunt for payment of the whole amount and that by making settlement payment, Nationwide became subrogated to the rights of Hunt against Hartford and became entitled to recover from Hartford its pro rata share of the $8,000 paid in settlement of the claim.

The complaint demands judgment for $4,000 plus interest.

The sole question presented for our determination is whether the trial judge erred in holding that Nationwide paid Mixson as a volunteer and therefore had no cause of action against Hartford for pro rata contribution.

In oral argument counsel for Hartford states that Hartford has taken the position from the beginning that it owed no obligation whatsoever to Hunt under the terms of its policy. The obligations of the two insurance companies, if any, are created by the terms of the policies, which are not before the court.

The effect of sustaining the demurrer was to hold as a matter of law that the only reasonable inference to be drawn from the allegations of the complaint was that Nationwide paid as a volunteer and is not entitled to subrogation. Normally a volunteer is not entitled to relief by way of subrogation.

From the facts alleged in the complaint it cannot be said as a matter of law that Nationwide volunteered the payment. We think a question of fact has been raised for the determination of the trial court.

Several definitions of the word "volunteer" can be found in the cases and in the textbooks. The definitions are generally in keeping with one found in Black's Law Dictionary: "One who intrudes himself into a matter which does not concern him, or one who pays the debt of another without request, when he is not legally or morally bound to do so, and when he has no interest to protect in making such payment."

Nationwide not only had its own interest to protect, but had a legal obligation to defend the suit and to pay a judgment when and if procured; and also had a legal and moral duty to use due care in negotiating a settlement so as to protect Hunt from exposure to the possibility of having to pay some amount above the policy coverage. *Tyger River*

*Pine Co. v. Maryland Casualty Co.,* 170 S. C. 286, 170 S. E. 346 (1933). Taking the allegations of the complaint as true, Hartford had a similar obligation to Hunt.

The lower court is reversed, and Hartford shall be permitted to answer.

Reversed.

Moss, C. J., and Lewis, Bussey and Brailsford, JJ., concur.