19409

Terry Sylvester ADCOX, by his guardian ad litem, Harry E. Adcox, Plaintiff-Respondent, v. AMERICAN HOME ASSURANCE COMPANY et al., Defendants, of whom American Home Assurance Company is, Appellant, and Alfred L. Son, Jackie W. Son and Martha Freeman are, Respondents.

(188 S. E. (2d) 785)

332

*Messrs. Gaddy & Davenport,* of Greenville, *for Appellant,*

*Messrs. Leatherwood, Walker, Todd & Mann,* and *H. F. Partee,* of Greenville, and *Acker & Acker,* of Pickens, *for Respondents,*

May 3, 1972.

Moss, Chief Justice.

On August 9, 1968, Terry Sylvester Adcox, a respondent herein, operating a motor vehicle owned by his mother, and Carl D. Stephens, operating his own motor vehicle, were involved in an automobile accident with a third motor vehicle owned by the respondent, Alfred L. Son, and operated by the respondent, Jackie Walden Son. At the time of the accident, respondents Alfred L. Son and Martha Freeman were riding as passengers in the vehicle operated by Jackie W. Son. The three occupants in the Son automobile filed suit against Adcox and Stephens as joint tortfeasors and at trial were awarded verdicts in the aggregate amount of $7,750.00 against them jointly.

Stephens was the named insured under an automobile liability policy issued by State Farm Insurance Company which provided him a defense in the above mentioned suit. The respondent, Adcox, was the named insured under an automobile liability policy issued by the appellant, American Home Assurance Company. For reasons discussed below, the appellant refused to defend on behalf of Adcox, who retained counsel on his own behalf, and further when

called upon by State Farm following the verdicts, refused to pay any amount towards the satisfaction of said verdicts.

The appellant refused to defend or contribute to the payment of the verdicts on the ground that no coverage was afforded to Adcox as his policy contained a nonowner provision. The respondent, Adcox, was driving a motor vehicle owned by his mother, with whom he resided, and the appellant contends that the non-owner provision set forth in said policy excluded coverage. The policy provided:

"It is agreed that such insurance as is afforded by the policy for Bodily Injury Liability, for Property Damage Liability and for Automobile Medical Payments applies with respect to the use of any automobile by or on behalf of the named insured or his spouse if a resident of the same household, subject to the following provisions:

1. * * *

2. The insurance does not apply:

(a) as respects the named insured, to any automobile owned by the named insured and as respects the spouse of the named insured, to any automobile owned by the named insured, such spouse or a member of the same household

* * *."

Following the refusal of the appellant to make any contribution towards the payment of the verdicts in favor of the respondents Alfred L. Son, Jackie W. Son and Martha Freeman, State Farm made a loan to each of them, in the amount of their respective verdicts, and they individually executed unconditional demand notes to State Farm and Stephens in the amount loaned to each of them.

No judgments were ever entered of record against Stephens, but each of the three occupants of the Son automobile entered judgments against Adcox in the amount of their respective verdicts. These judgments are open and unsatisfied of record.

Adcox brought this action seeking declaration that American Home was liable for the judgments obtained against him by Alfred Son, Jackie W. Son and Martha Freeman and for attorney's fees incurred by him in defense of the original actions and for damage to his credit occasioned by the appellant's failure to defend him and the presence of the unsatisfied judgments against him. The three respondents who have judgments of record against Adcox filed an answer and cross-action against the appellant seeking payment of their judgments.

American Home, by answer, admitted the execution and delivery of the policy in question but denied any coverage to Adcox because of the non-owner automobile provision of said policy; and as a further defense alleged that the payment of the amount of the verdicts by State Farm by way of a loan arrangement was, in fact, complete payment in behalf of Stephens, its insured, and that such payment was a bar to any recovery against Adcox as the two were found jointly liable and payment of the verdicts by one precluded a recovery against the other. The appellant, as a further defense, asserted that State Farm was the real party in interest and had no claim against Adcox and, even if coverage were found to exist, such was excess insurance and had to be prorated with other available coverage. The answer of the appellant to the cross-actions was in essence the same as its answer to the complaint of Adcox.

This case came on for trial, without a jury, before the Honorable Frank Eppes, resident judge, in the Court of Common Pleas for Greenville County. By his Order dated March 30, 1971, Judge Eppes held that the policy of liability insurance issued by American Home to Terry S. Adcox provided liability coverage to him in connection with the accident which occurred on August 9, 1968, and, accordingly, held the judgments of Son, Freeman and Son should be paid by American Home. He also awarded Adcox judgment against American Home in the amount of $1,000.00, $200.00 of which was for damage to his credit

and the sum of $800.00 as attorneys' fees incurred in defense of the original actions brought against him.

The several exceptions of the appellant raised four questions for determination.

The first question is whether the trial judge erred in holding that coverage was afforded Adcox under the policy in question and in failing to find that the non-owner provision excluded coverage under the facts of this case.

Adcox, at the time of the accident was driving an automobile owned by his mother, with whom he resided. Appellant contends that the language of the policy set forth above excludes automobiles falling into three classifications, those being (1) automobiles owned by the named insured (other than those covered in the policy) ; (2) automobiles owned by a spouse; and (3) automobiles owned by any member of the same household of the named insured or a spouse. We disagree. The non-owner provision is clear. It states that "it is agreed that such insurance as is afforded by the policy * * * applies with respect to the use of *any* automobile by * * * the named insured * * * subject to the following provisions." In paragraph 2(a) of the provisions referred to, coverage is excluded "as respects the named insured, to any automobile owned by the named insured." This is the sole exclusion listed "as respects the named insured." Following this exclusion are exclusions "as respects the spouse of the named insured."

As written, only one category of automobiles is excluded from the coverage extended to the named insured and that is automobiles owned by him. There are three categories of exclusion applicable to coverage on the named insured's spouse. These are (1) automobiles owned by the named insured, (2) automobiles owned by such spouse, and (3) automobiles owned by residents of the same household of "such spouse." The phraseology and punctuation of this provision point to no other conclusion. As worded, the policy excludes from coverage automobiles owned by members of

the spouse's household, but not those owned by members of the named insured's household.

We think that the trial judge was correct in holding that the policy of the appellant provided coverage to Adcox and such was in effect at the time of the collision with which we are here concerned. This coverage was not excluded by the "non-owner" provision of the policy.

State Farm, pursuant to the terms of the policy which it issued to Stephens, furnished him a defense in the three tort actions. The appellant refused to defend Adcox contending that its policy issued to him afforded him no coverage. When the joint verdicts were returned, the appellant refused to make any contribution to the payment thereof. State Farm undertook to make some arrangement which would discharge its obligation to Stephens, its insured. Thereupon, State Farm agreed on behalf of Stephens to make loans to Alfred L. Son, Jackie W. Son and Martha Freeman in amounts equal to their verdicts. Each of them executed a non-interest bearing unconditional demand note to Stephens and State Farm. Thereafter, judgment in the amount of each verdict was entered against Adcox, but not against Stephens.

It is the position of the appellant that the action of State Farm and Stephens in lending money to the aforementioned parties constituted a satisfaction of the judgments against Adcox. The appellant contends that the payment by State Farm in behalf of Stephens, a joint tortfeasor, of the amount of the verdict bars recovery from the other tortfeasor by the party or parties to whom such payment was made.

The parties to this action agree that no contribution exists among joint tortfeasors and that neither is entitled to indemnification from the other. They further agree that the satisfaction of a judgment against one tortfeasor is satisfaction against all of the tortfeasors. *American Fidelity Fire Ins. Co. v. Hartford Accident and Indemnity Co.*, 251 S. C. 507, 163 S. E. (2d) 926 and

*Travelers Ins. Co. v. Allstate Ins. Co.,* 249 S. C. 592, 155 S. E. (2d) 591. It is the contention of all of the respondents that the loan arrangement set forth above constituted no payment of the verdicts rendered against the joint tort-feasors and such arrangement did not bar their claims against Adcox. There being no judgments entered against Stephens, neither he nor State Farm had any obligation to pay any amount to Son, Freeman and Son. However, judgments have been entered in favor of these respondents against Adcox and they are enforceable in the manner provided for by law. For this position, these respondents rely on what was said by this Court in *American Fidelity Fire Ins. Co. and Travelers Ins. Co.,* cases above cited, where it was held:

"Under the law of this State, one injured by the actionable negligence of two or more joint tort-feasors may elect that party or parties whom he will sue and may pursue the collection of a judgment procured against any one or more of the judgment debtors."

The respondents, Son, Freeman and Son, only have judgments against Adcox and under the rules stated it was their right to pursue the collection of such judgments against him. The reason for the exercise of this right is totally irrelevant to this discussion. Having found that the appellant's policy afforded coverage to Adcox, he has the right to demand that the appellant pay and satisfy the judgments of record against him.

The next question posed by the appellant is that State Farm was the real party in interest and for that reason the respondents who are judgment creditors of Adcox could not maintain their cross-actions. It is asserted that State Farm has not paid its insured any amount but rather has paid claims against its insured who caused injury to the respondents, who are judgment creditors of Adcox. If the loan arrangement between State Farm, Stephens, and Son, Freeman and Son constituted a satis-

faction of the judgments against Adcox, the cross actions by them must fail. However, if this arrangement did not constitute a satisfaction of the judgments against Adcox, then Son, Freeman and Son are not only the real parties in interest on the cross-actions, they are the only parties in interest.

The appellant has properly conceded that this Court has repeatedly approved the use of a loan receipt. *Phillips v. Clifton Mfg. Co.,* 204 S. C. 496, 30 S. E. (2d) 146, 157 A. L. R. 1255; *Martin v. McLeod,* 241 S. C. 71, 127 S. E. (2d) 129; *S. C. Electric and Gas Co. v. Aetna Life Ins. Co.,* 230 S. C. 340, 95 S. E. (2d) 596; *Wrenn and Outlaw, Inc. v. Employers' Liability Assurance Corp. Ltd.,* 246 S. C. 97, 142 S. E. (2d) 741. We point out and emphasize that State Farm did not take a loan receipt in these cases but the notes signed were unconditional promises of the makers to pay the amount thereof on demand. The rationale of the loan receipt cases is here applicable and Son, Freeman and Son were the real parties in interest and could maintain their cross-actions against the appellant.

The final question for determination is whether the trial judge erred in finding that Adcox had sustained damage to his credit because of the unsatisfied judgments of record against him and awarding the sum of $200.00 as damages therefor. It was stipulated that "Terry S. Adcox would be unable to show any instance of specific embarrassment or damage to his credit on account of the presence of such judgments." The trial judge stated in his Order that "There are no specific instances known of damage to his credit." In the light of the stipulation and examination of the record in this case, we find no evidence to sustain the conclusion of the trial judge that Adcox suffered any damage to his credit or reputation because of the recorded judgments against him.

We may affirm *nisi* where damages improperly awarded can be segregated. *Fuller v. Eastern Fire & Cas. Ins. Co.,* 240 S. C. 75, 124 S. E. (2d) 602.

The judgment of the lower court is affirmed in all respects except the award of $200.00 for damages to credit or reputation is reversed.

Affirmed in part and reversed in part.

LEWIS, BUSSEY, BRAILSFORD and LITTLEJOHN, JJ., concur.