AUTO INSURANCE AGENCY,
INC., Plaintiff,

v.

INTERSTATE AGENCY, INC. and
Concord General Mutual Insurance
Company, Defendants.

Civ. A. No. 81–939–14.

United States District Court,
D. South Carolina,
Columbia Division.

Nov. 6, 1981.

David M. Ratchford, Columbia, S. C., for plaintiff.

Thornwell F. Sowell, III, R. Bruce Shaw, Columbia, S. C., for defendants.

## ORDER

WILKINS, District Judge.

This suit arises under the provisions of the South Carolina Automobile Reparation Act of 1974 (Act), S.C.Code § 38–37–10 *et seq.* (1976). Plaintiff initiated this action in the Court of Common Pleas for Richland County by properly serving Defendants (Interstate and Concord) with a summons and complaint on April 24, 1981. Defendants removed the case to this court by filing a petition for removal and a bond on May 13, 1981. Plaintiff has moved to remand the case to state court. This motion is opposed by Defendants and, in addition, Interstate has moved for summary judgment.[1]

The threshold issue in this case is whether it was properly removed from state court. The General Removal Statute, Title 28,

---

1. The parties have filed several other motions which are rendered moot by the disposition of the motion for remand.

United States Code Section 1441, controls the resolution of this issue. It provides in relevant part:

(a) Except as otherwise expressly provided by Act of Congress, any civil action brought in state court of which the district courts of the United States have *original jurisdiction*, may be removed by the defendant or defendants, to the district court of the United States for the district and division embracing the place where such action is pending. 28 U.S.C. 1441 (emphasis added).

As used here, "original jurisdiction" refers to the general jurisdiction of the federal judiciary including that provided for in Title 28, United States Code Section 1331 and Section 1332. *Range Oil Supply Co. v. Chicago, Rock Island & P. R. Co.*, 248 F.2d 477, 479 (8th Cir. 1957). Thus, a case may be removed only if the district court "would have had jurisdiction over it as it was originally filed by the plaintiff." *Betar v. De Havilland Aircraft of Canada, Ltd.*, 603 F.2d 30, 36 (7th Cir. 1979) *cert. den.*; 444 U.S. 1098, 100 S.Ct. 1064, 62 L.Ed.2d 785 (1980) *reh. den.*; 445 U.S. 947, 100 S.Ct. 1347, 63 L.Ed.2d 782 (1980). Jurisdiction over a case must have been "expressly provided for by Act of Congress," arise under the Constitution, laws or treaties of the United States, or be based upon diversity of citizenship before it may be removed to this court. In this case, jurisdiction was not provided for by Congress nor does it arise under the Constitution, laws or treaties of the United States. If it exists in this case, it must be based upon diversity of citizenship between Plaintiff and Defendants.

In reviewing the removal of a case from a state court, it must be kept in mind that federal courts are courts of limited jurisdiction. They are empowered to hear only those cases expressly authorized by statute. Like all federal jurisdictional statutes, the removal statute must be strictly construed. *Shamrick Oil and Gas Corp. v.*

*Sheets*, 313 U.S. 100, 109, 61 S.Ct. 868, 872, 85 L.Ed. 1214 (1941). This is necessary to keep the federal judiciary from extending its jurisdiction beyond statutory limits. *Cabe v. Pennwalt Corporation*, 372 F.Supp. 780, 781 (W.D.N.C.1974). In light of the *strong congressional policy of restricting* federal jurisdiction, a district court should resolve doubt in favor of non-removal. *Penn Securities Co. v. Home Indemn. Co.*, 418 F.Supp. 292, 294 (M.D.Pa.1976); *Anderson v. Union Pacific Coal Company*, 332 F.Supp. 605, 608 (D.Wyo.1971). Statutes which provide for removal on the grounds of diversity of citizenship are strictly construed in favor of the jurisdiction of the state court. *Spring & Wire Corp. v. American Guarantee & Liability Ins. Co.*, 220 F.Supp. 222, 228 (W.D.Mo.1963). *See also Moore v. Bishop*, 520 F.Supp. 1187 (D.S.C. 1981).

Normally, the plaintiff's state court complaint determines whether the case was properly removed. *Pullman Co. v. Jenkins*, 305 U.S. 534, 537, 59 S.Ct. 347, 349, 83 L.Ed. 334 (1939); *Tedder v. F.M.C. Corp.*, 590 F.2d 115, 116 (5th Cir. 1979). In this case, Plaintiff, a South Carolina corporation, alleges, and Interstate admits, that Interstate is a South Carolina corporation. As a result, Plaintiff contends diversity is lacking; thus, the court lacks jurisdiction and this case should, therefore, be remanded.

Although Interstate admits it is a South Carolina corporation, it claims it is a sham defendant fraudulently joined to defeat diversity. When a colorable claim of fraudulent joinder is raised, the court may "pierce the pleadings" to determine if it was fraudulent.[2] *Keating v. Shell Chemical Co.*, 610 F.2d 328, 331 (5th Cir. 1980); *Lewis v. Time, Inc.*, 83 F.R.D. 455, 460 (E.D.Calif. 1979). Joinder is fraudulent when "there is no arguably reasonable basis for predicting that state law might impose liability on the resident defendants under the facts alleged..." *Tedder*, 590 F.2d at 117. This

---

**2.** "Fraudulent joinder" is a term of art and its use is not intended to reflect upon the integrity of plaintiff or its attorney. *Newman v. For-*

*ward Lands, Inc.*, 418 F.Supp. 134, 136 n.1 (E.D.Pa.1976).

prediction can only be made by referring to the applicable state law which determines whether a cause of action exists. *Keating*, 610 F.2d at 331. If no cause of action exists, the joinder is fraudulent and the lack of diversity will not bar removal. *Tedder*, 590 F.2d at 117. Plaintiff alleges two causes of action. First, it alleges Defendants wrongfully cancelled its insurance agency relationship with it in violation of the Act. Second, it alleges Defendants converted commissions which they owed Plaintiff. Plaintiff's remand motion will turn on the nature of its causes of action.

The Act caused sweeping changes in the automobile insurance industry in South Carolina. Prior to its passage, automobile insurance was sold on a voluntary basis by agents to "good risks." Those who were classified as "bad risks" or were otherwise unable to obtain insurance were insured through an assigned plan. The Act, however, prohibits an insurer from discriminating between drivers except on the basis of criteria established by the Insurance Commissioner. As a practical matter, the Act forces each insurer to establish uniform rate schedules. It also prohibited agents or insurers from refusing to insure any licensed driver at these rates. Each insurer was permitted to cede up to thirty-five percent of its book of business to the South Carolina Reinsurance Facility which was supported by the participation of all insurers. In addition, the Act prohibited any insurer from cancelling its contract with an agent "because of the volume of automobile insurance placed with it by the agent on account of the statutory mandate of coverage nor because of the amount of the agent's automobile insurance business which the insurer deems necessary to reinsure in the Facility." S.C.Code § 38–37–940(2) (1976).

The South Carolina Supreme Court has held that this provision of the Act was enacted for the benefit of the agent. *G–H Ins. Agency, Inc. v. Travelers Ins. Companies*, 270 S.C. 147, 241 S.E.2d 534 (1978). It also held that an agent "who is terminated because of the prohibited reasons may re-cover any damages sustained from such wrongful determination." 270 S.C. at 152, 241 S.E.2d at 536. It appears from the language used that the South Carolina Supreme Court views this cause of action as sounding in tort.

Several other factors tend to support the conclusion that wrongful termination of an insurance agency is a tort. During oral argument, the Court was informed that in at least one trial in South Carolina, the Circuit Court has treated it as a tort. In addition, South Carolina also recognizes a tort for the wrongful termination of a franchise. *deTreville v. Outboard Marine Corporation*, 439 F.2d 1099 (4th Cir. 1971) (Haynsworth, Chief Judge); *Deering-Milliken Research Corp. v. Textured Fibres, Inc.*, 310 F.Supp. 491 (D.S.C.1970) (by implication); *Gaines W. Harrison & Sons v. J. I. Case Co.*, 180 F.Supp. 243 (E.D.S.C.1960); *Philadelphia Storage Battery Co. v. Mutual Tire Stores*, 161 S.C. 487, 159 S.E. 825 (1931). It is not clear whether wrongful termination of an insurance agency is a separate tort or merely a subspecies of the tort of wrongful termination of a franchise. In any event, this Court is convinced this cause of action sounds in tort.

Interstate defends its objection to Plaintiff's motion to remand on two grounds. First, it contends Plaintiff's first cause of action is not applicable to it because it is not an insurer or insurance company within the meaning of the Act. In support of this contention, Interstate proffers the affidavit of its President, Jim Burns, III, who states Interstate is not an insurer or insurance company. He also states that any action taken by Interstate was taken within the scope of its authority as an agent for its disclosed principal, Concord.

Under the Act "automobile insurance," "insurer," or "insurer of automobile insurance" mean an insurer licensed to do business in South Carolina and authorized automobile insurance. S.C.Code § 38–37–10 (1976). Unfortunately for Interstate, this is not the end of the inquiry. The Act forbids an insurer "from directly or indirectly" by the use of "any artifice or device" from penalizing an agent because of

the volume of insurance it writes which the insurer cedes to the Reinsurance Facility. S.C.Code § 38–37–940(2) (1976). The Act clearly prohibits an insurer from using indirect means to penalize an agent for complying with the Act. This language prohibits an insurer from using a third party to cancel contracts it could not cancel directly. The Act imposes a duty on agents such as Interstate not to participate or allow themselves to be used in the violation of the Act.

 It follows that Interstate's second objection must also fail. It seeks to invoke the rule that if a contract is made between a party and a known agent acting within its authority on behalf of a disclosed principal, the principal alone is liable for the breach of the contract. *Green v. Industrial Life and Health Ins. Co.*, 199 S.C. 262, 18 S.E.2d 873 (1942). Since this action sounds in tort, and not in contract, this rule is not applicable to the present case. An agent's liability for its own torts is not affected by the fact that it acted on behalf of its principal. *Gilbert v. Mid-South Machinery Co., Inc.*, 267 S.C. 211, 227 S.E.2d 189 (1976); *Lawlor v. Scheper*, 232 S.C. 94, 101 S.E.2d 269 (1957); Restatement (Second) of Agency § 343, *et seq.* (1957). A principal does not have the power to confer the authority on an agent to commit a tort. *See Hopkins v. Clemson Agri. College*, 221 U.S. 636, 31 S.Ct. 654, 55 L.Ed. 890 (1911). The fact that Interstate was acting on behalf of Concord does not necessarily excuse it. As a joint tortfeasor with Concord, Plaintiff may be entitled to recover against Interstate or Concord or both. *See Adcox v. American Home Assurance Co.*, 258 S.C. 331, 188 S.E.2d 785 (1972); *American Fidelity Fire Ins. Co. v. Hartford A. & I. Co.*, 251 S.C. 507, 163 S.E.2d 926 (1968); *Travelers Ins. Co. v. Allstate Ins. Co.*, 249 S.C. 592, 155 S.E.2d 591 (1958).

Plaintiff has shown an arguably reasonable basis for predicting that South Carolina law might impose liability on Interstate. Under such circumstances, the joinder of Interstate was not fraudulent. Cf. *Tedder*, 590 F.2d at 115. Since Interstate and Plaintiff are South Carolina corporations, there is no diversity of citizenship. This court, therefore, lacks jurisdiction and the case must be remanded to the state court. 28 U.S.C. 1447(c).

Plaintiff has also moved for the payment of costs and disbursements incurred as a result of these proceedings. Section 1447(c) of Title 28 of the United States Code allows this court "to order the payment of just costs" when remanding a case. In my opinion, justice would not be served by assessing costs against these defendants. The question of whether this case was removable was substantial, close and novel. *See Moore*, 520 F.Supp. at 1188.

IT IS, THEREFORE, ORDERED that this case be remanded to the Court of Common Pleas, State of South Carolina, County of Richland; that all pleadings filed be made a part of the case on remand; that the Plaintiff's motion for costs and disbursements is denied.

AND IT IS SO ORDERED.