A94A1059. SOUTHERN GUARANTY INSURANCE COMPANY
v. CENTRAL MUTUAL INSURANCE COMPANY.
(449 SE2d 3)

SMITH, Judge.

Southern Guaranty Insurance Company ("Southern Guaranty") filed a complaint against Central Mutual Insurance Company ("Central Mutual") seeking contribution for post-judgment interest. Cross-motions for summary judgment were filed, and the trial court granted Central Mutual's motion, denying that of Southern Guaranty. Southern Guaranty brought this appeal. We find that summary judgment was correctly granted to Central Mutual and affirm.

The underlying facts are not in dispute. Central Mutual's insured, Sharon Causey, was involved in a collision in South Carolina with a Honda automobile insured by Southern Guaranty. A passenger in the Honda, Debra Paschal, brought suit against both Causey and the driver and owner of the Honda. Both insurance carriers defended their insureds.

Prior to judgment, Central Mutual offered Paschal its policy limit, $25,000, in return for the release of Causey. Paschal refused the offer and the case went to trial. A jury returned a verdict awarding Paschal $350,000 against all defendants. The judgment entered on the verdict was affirmed on appeal. *Paschal v. Causey,* 420 SE2d 863 (S. C. App. 1992). The parties then entered into a settlement for $450,000, representing the verdict amount of $350,000 plus post-judgment interest of $100,000.

In partial payment of that settlement, Southern Guaranty tendered its draft in the amount of $425,000. Central Mutual tendered $25,000, which was the amount of its policy limit. Paschal executed a release, and a satisfaction of judgment was entered in September 1992. Southern Guaranty then demanded that Central Mutual pay one-half the post-judgment interest on the entire verdict, $50,000. Central Mutual refused to do so, and this action ensued.

1. Under the principle of lex loci contractus, actions sounding in contract are governed by the substantive law of the place where they were made. See *Gen. Tel. &c. Co. v. Trimm,* 252 Ga. 95 (311 SE2d 460) (1984). The parties agree that South Carolina law governs this case. In this appeal, we therefore apply South Carolina law in determining the parties' contractual obligations.

We note initially that prior to April 5, 1988, South Carolina followed the common law rule prohibiting contribution among joint tortfeasors. *Travelers Ins. Co. v. Allstate Ins. Co.,* 155 SE2d 591 (S.

C. 1967). In 1988, South Carolina adopted the Uniform Contribution Among Tortfeasors Act, enacting it as S. C. Code Ann. § 15-38-20. That statute abrogates the common law rule, making contribution possible among joint tortfeasors. It does not apply, however, to causes of action accruing before its effective date, April 5, 1988. *Cousar v. New London Engineering Co.*, 410 SE2d 243, 244 (S. C. 1991). The incident giving rise to this action occurred on March 23, 1987, and therefore S. C. Code Ann. § 15-38-20 does not apply.

2. Southern Guaranty contends *Travelers*, supra, is distinguished from this case and therefore inapplicable. Consequently, it further contends that contribution is allowable here even though S. C. Code Ann. § 15-38-20 does not apply. This is so, it argues, because this case does not involve an action for contribution for payment of the amount of a judgment, as did *Travelers*, but an action for contribution for the payment of post-judgment interest.

Southern Guaranty claims that because only post-judgment interest is involved here, the insurance companies in this case are bound not as tortfeasors but under their contracts. It argues that the issue here is simply the applicability or enforceability of the supplementary payments provisions in the insurance contracts, an issue not addressed in *Travelers*. Further, it asserts that under the language of the supplementary payments clause of the Central Mutual policy, Central Mutual is contractually obligated to pay 50 percent of the post-judgment interest on the entire verdict, regardless of its policy limit. We do not agree.

Regardless of which particular items the contribution sought by Southern Guaranty represents, we find no material distinction between the operative facts in *Travelers* and those in this case. Both actions were brought by the insurer of joint tortfeasors against the insurer of other joint tortfeasors; both sought contribution for sums paid on behalf of the insured joint tortfeasor. The opinion in *Travelers* relies on the blanket prohibition under the common law against contribution, id. at 593-594, and Southern Guaranty cites no authority or policy reason for its argument that the prohibition is against contribution toward the payment of judgments alone. Likewise, no authority is provided to support its position that a contribution toward payment of post-judgment interest is different in kind from a contribution toward a judgment, and we conclude that it is not.

Although *Travelers* did not address the issue of supplementary payments clauses, those clauses govern only the carrier's obligation to its own insured. In order for Southern Guaranty to claim entitlement to reimbursement from Central Mutual for any post-judgment interest it paid, it must, of necessity, rely upon the principle of contribution. It is clear, however, under *Travelers*, that the applicable law expressly prohibits contribution among joint tortfeasors, and contrary

to Southern Guaranty's argument, under South Carolina law the insurers stand in the place of their insureds in this regard. *Travelers,* supra at 593.

3. We find no merit in Southern Guaranty's contention that contrary to the trial court's determination, two cases purportedly allowing contribution between the insurers of joint tortfeasors are applicable here. Both *Nationwide Ins. Co. v. Hartford Acc. & Indem. Co.,* 178 SE2d 660 (S. C. 1971) and *Southern Home Ins. Co. v. Burdette's Leasing Svc.,* 234 SE2d 870 (S. C. 1977), relied upon by Southern Guaranty, are based on entirely different facts from those of this case, and a different rule was therefore applied. In both those cases, one insurer was allowed to recover reimbursement from another insurer. However, the insurers covered the same risk and were not the insurers of joint tortfeasors. In *Nationwide,* one carrier insured the driver of a vehicle and the other insured a trailer being towed by that vehicle. In *Southern Home,* a carrier insuring the lessee of a vehicle sought contribution from the lessor of the same vehicle, who was self-insured. The trial court correctly held that neither case was applicable here.

4. Because any action by Southern Guaranty for reimbursement of postjudgment interest is an action for contribution, see Division 2, supra, we need not address Southern Guaranty's contentions regarding the construction of the supplemental payments provision in Central Mutual's policy.

The trial court properly granted Central Mutual's motion for summary judgment and denied that of Southern Guaranty.

*Judgment affirmed. Pope, C. J., and McMurray, P. J., concur.*

DECIDED SEPTEMBER 16, 1994.

*Wetzel & Carroll, Michael L. Wetzel, Brenton S. Bean,* for appellant.

*Long, Weinberg, Ansley & Wheeler, J. Kenneth Moorman, John C. Bonnie,* for appellee.