salutary. The language of the Judge which seems to bear most strongly against this case is mere *dicta*. At all events, he has not answered the argument of Ch. J. SPENCER.

2. It is contended that we ought, under the statute, to have required the plaintiff, by a written notice, to proceed against the principal. In 1838, long after the note became due, the statute was enacted, and it was not published until after said notice had been given; but suppose it had been in force, it would make no difference. The statute enacts, that it shall be lawful for a surety, if he apprehends, &c., to notify the creditor in writing to forthwith put the bond, note, or other contract, in suit, &c.; and if he fails, the bail should be exonerated. R. S. 1838, p. 233, s. 1. This is an affirmative statute, "And it is a maxim of the law, that an affirmative statute does not take away the common law." 6 Bac. Abr. Statutes, G. 376. A statute made in the affirmative, without any negative expressed or implied, doth not take away the common law. 2 Institutes, 200.—1 *id.* 115, a. n. 8 and 9. Although an affirmative statute does not take away the common law, it is nevertheless binding, and a party may make his election to proceed upon the statute or at common law. 6 Bac. Abr. Statutes, G. 177.—2 Institutes, 200. "When the common law and the statute differ, the common law gives place to the statute, but only when the latter is couched in negative terms, or when its matter is so clearly repugnant that it necessarily implies a negative." *State* v. *Norton*, 3 Zabr. 33.

─────────── ·─◆─· ───────────

## HUNT *v.* LANE, Administrator.

Action by *A.* against *B.*, to enjoin proceedings upon an execution. The complaint made this case: *C.* had obtained a judgment against *A.* and *B.* for a tort. An unpaid balance of that judgment, which is the part now sought to be collected, was bought with *B's* money, for his benefit, and assigned to *D.*, now the defendant's intestate. It is contended that this was a payment of the balance, and that it was thus transferred to *D.* for the sole purpose of collecting it from *A.*, the plaintiff. *A.* had already paid one-half of the judgment. The judgment was afterwards revived by *B.*, the defendant in this case, as administrator of *D.*, the assignee, and execution was levied upon real and personal property of *B.* The real property was sufficient to satisfy the demand. But before the day of sale, *B.*, the plaintiff in that proceeding, for the purpose of avoiding the payment of the judgment, and to compel *A.* to pay it, directed the sheriff to abandon the levy and return the writ, which he did. The return shows the levy to have been upon real estate only; that the execution was superseded by a writ from this Court, and that as to *B.*, it was returned by the plaintiff's order. The order to abandon the levy alleged that the defendants, *A.* and *B.*, had personal property subject to execution, and directed a levy upon the personal property of *A.* A motion was made to set aside this execution, which is still pending. Prayer for an injunction. Demurrer, assigning for cause, that the

complaint did not state facts sufficient, &c., sustained. In this Court it is contended that as it is alleged that the judgment had been paid, the demurrer should have been overruled. *Held*, that the judgment having been revived since such alleged payment; and there being no averment that the fact that the payment was made by *D.* with *B.'s* money, for his benefit, was unknown to the present plaintiff at the time the judgment was revived; and no other reason being given why the defense was not made in that action; the plaintiff is concluded by the judgment in that proceeding.

As a general rule, there is no contribution amongst wrong-doers.

The complaint in this case, not showing the nature of the tort for which the judgment was recovered, the case is governed by the general rule.

If a party would avail himself of exceptions, he must show himself entitled to them, by proper averments.

Where a demurrer has been properly sustained below, for a cause not properly assigned, the judgment will not be reversed.

APPEAL from the *Dearborn* Circuit Court.

GOOKINS, J.—Complaint by *Hunt* against *Lane*, to enjoin proceedings upon an execution, to which a demurrer was sustained, and the suit dismissed. *Hunt* appeals.

The complaint makes the following case: That in 1837, one *Overall* recovered a judgment against *Hunt* and *James H. Lane*, in an action of tort, for 322 dollars and costs; that the judgment had been assigned in parts, to various persons; that an unpaid balance had been assigned to *Amos Lane*, the defendant's intestate, which was the part now sought to be collected; that the same was really bought with the money of *James H. Lane*, and for his benefit, and was in fact a payment thereof; that it was only transferred to said *Amos Lane* in order to keep it on foot for the purpose of collecting it from the plaintiff; that he has paid into the clerk's office one-half the amount of the judgment and costs; that at the *November* term, 1850, of the *Dearborn* Circuit Court, the defendant, as administrator of said *Amos Lane*, deceased, revived the judgment against said *James H. Lane* and *Hunt*, for 351 dollars and 98 cents; that on the 20th of *December*, an execution was issued thereon, which was levied upon the property, real and personal, of said *Lane*. It is averred that the real estate was of sufficient value to satisfy the demand; that before the day of sale, the plaintiff, for the purpose of keeping *J. H. Lane* from the payment of the judgment,

and to compel *Hunt* to pay the same, directed the sheriff to abandon the levy, and to return the writ, which he did; that he thereupon caused an execution to be issued to the sheriff of *Ohio* county, where the plaintiff resided, and was threatening to cause it to be levied upon his property.

The return upon the execution alleged to have been levied, is set forth. It does not show a levy upon personal property, but shows a levy upon real estate, after which is the following: "I hereby abandon the above levy by order of *Theodore Gazlay*, the plaintiff's attorney,"—which order is subjoined. It directs the sheriff to relinquish the levy made upon the real estate of *J. H. Lane*, the said defendants having personal property subject to execution; and orders the sheriff to levy upon such personal property, in the possession of *Hunt*. It further appears from the return, that the execution was superseded by a writ from this Court, and that, as to *J. H. Lane*, it was returned by the plaintiff's order. The complaint further states that a motion has been made by the plaintiff, to set aside said execution, which was still pending.

Prayer for an injunction to restrain further proceedings upon the execution.

The demurrer assigned for cause that the complaint did not state facts sufficient to constitute a cause of action.

The appellant insists that because it is alleged that the judgment has been paid in full, the demurrer should have been overruled. But it also appears that since the money was so paid, the judgment has been revived by *scire facias* by the defendant in this action. It is not averred that the fact of the payment of the money by *Amos Lane* for *J. H. Lane*, and that the money used for that purpose belonged to the latter, was unknown to the present plaintiff at the time the judgment was revived; nor is any other reason given why the defense was not made in that action. By suffering that judgment to pass, he is concluded, and the allegation that the debt is paid, must be laid out of the case.

It is a general rule that there is no contribution amongst wrong-doers. Chitty on Contracts, pp. 446, 525, with re-

ferences to numerous authorities, *English* and *American*,
which fully sustain the text. There are exceptions to the
rule—as where an illegal act is done by one in good faith,
by the command of another, there the latter is bound to
indemnify the former. *Id.* 445. The complaint in this
case does not show the nature of the wrong for which
· *Overall* obtained his judgment against *J. H. Lane* and
*Hunt.* It is therefore governed by the general rule; for he
who would avail himself of exceptions must show himself
entitled to them by proper averments. This, then, is a
case in which equity will not interfere and the parties will
be left to their legal rights.

The complaint shows that there is another proceeding
pending to attain the same end that is sought in this ac-
tion,—that is, a motion to set aside the execution. In
*Lasselle* v. *Moore*, 1 Blackf. 226, it was held that this was
the proper proceeding, and that a bill in chancery would
not lie, except for the purpose of staying proceedings until
the motion could be made. But it is not assigned as a
ground of demurrer, that another action is pending for the
same cause. 2 R. S. p. 38, s. 50, sub-sect. 3. The only
cause assigned is, that the complaint does not state facts
sufficient; and this raises the question—What is the proper
practice in this Court, when a demurrer has been sustained
below, but not for a cause properly assigned?

We have decided in numerous cases, that where the
judgment below is right, it will not be reversed, although
error may have intervened. It was said in *Kenworthy* v.
*Williams*, 5 Ind. R. 375, that the specific causes of demur-
rer relied on must be assigned, as the statute requires; but
there the judgment was reversed for other errors apparent.
Also, in *Lane* v. *The State*, 7 Ind. R. 426, it was held that
a general demurrer, as used under the former practice, to
several different paragraphs of an answer, was in effect no
demurrer at all under the code, and that a judgment sus-
taining it must be reversed (1).

Here, the demurrer conforms strictly to the code. It
presented an issue in law in the prescribed form; and the
sufficiency of the pleading having been tested by it, and

May Term, 1857.

rightly decided, the case is brought within the rule of practice which prevails here, that a judgment correctly given will not be reversed, although it may not have been put upon the right ground in the Court below.

*Per Curiam.*—The judgment is affirmed with costs.

*A. Brower*, for the appellant (2).

(1) See *The State* v. *Clark, ante,* 241.

(3) Counsel for the appellee presented the following points:

The plaintiff founds his right to the relief which he asks—1st, on the allegation that the deceased purchased the judgment with the money of *J. H. Lane.* 2dly, on the supposition that by the defendant's levy, the judgment was satisfied.

As to the first, it is sufficient to say that it comes too late. That defense should have been set up against the *scire facias* to revive. The second is also utterly untenable. The return, which is part of the record, shows that the levy has been disposed of. But it is insisted that a plaintiff cannot abandon his levy without an order of Court. It is possible that where a sheriff has made a return of the writ, "levied on," &c., and it has thereby become part of the record, that such record cannot be altered without leave of the Court; but whilst the writ is in the hands of the sheriff, the plaintiff can control it. But the case presents another point. The plaintiff, *Hunt,* should have moved the Court to set aside the execution. 1 Blackf. 226.