## 1188

M & T CHEMICALS, INC., Appellant v. BARKER INDUSTRIES, INC., Virginia F. Settin, Flavius Settin and John Settin, Respondents.

(370 S. E. (2d) 886)

Court of Appeals

*Joseph A. Rhodes, Jr.,* and *Kevin W. Sturm, Haynsworth, Baldwin, Miles, Johnson, Greaves & Edwards,* Greenville, *for appellant.*

*John P. Britton,* of *Rainey, Britton, Gibbes & Clarkson,* Greenville, *for respondents.*

Heard May 17, 1988.

Decided June 27, 1988.

SANDERS, Chief Judge:

The dispositive issue presented by this appeal is whether the rule against contribution among joint tortfeasors should be modified so as to allow contribution where they did not act intentionally or in concert with each other.

Appellant M & T Chemicals, Inc. and respondents Barker Industries, Inc., Virginia F. Settin, Flavius Settin and John Settin operated adjacent chemical manufacturing plants in the Laurens County community of Ora. A number of Ora residents sued M & T, alleging that "emissions from [its] chemical manufacturing plant in Ora had damaged their health and property." M & T paid a substantial amount of money to settle the suit and thereafter brought this action against Barker Industries and the Settins seeking to recover "an amount equal to [their] contributive share of the damages [they] caused the Ora residents, whether those damages are all or some lesser percentage of the total damages." Barker Industries and the Settins responded by moving to dismiss pursuant to Rule 12(b)(6) of the South Carolina Rules of Civil Procedure. The Circuit Court granted their motion based on "an established principle of common law that as between joint tortfeasors there is no right of contribution or indemnity." M & T concedes that "its appeal argues for a change in the common law of South Carolina concerning a joint tortfeasor's right to contribution."

The rule against contribution among joint tortfeasors may be summarized in two sentences. An injured person may select whom he wishes to sue from among those whose negligent acts or omissions have united to produce his injury, or he may sue all who are jointly liable to him and collect the full amount of any judgment obtained from one or more of them. See *Travelers Ins. Co. v. Allstate Ins. Co.*, 249 S. C. 592, 155 S. E. (2d) 591 (1967). There is no recourse by one who voluntarily pays or is forced to pay the common liability, against others who are also liable but who have escaped payment. See *id.*

The rule had its origin almost two centuries ago in the English case of *Merryweather v. Nixan*, 8 T.R. 186, 101 Eng.

Rep. 1337 (1799).[1] W. Keeton, *Prosser & Keeton on the Law of Torts* § 50 (5th ed. 1984). The basis for denying contribution in that case appears to have been the fact that the parties had acted intentionally and in concert. Thus, it appears that the claim for contribution was based entirely on what the Court viewed as a deliberate wrong. *See* Reath, "Contribution Between Persons Jointly Charged for Negligence—*Merryweather v. Nixan,*" 12 Harv. L. Rev. 176, 178 (1898) ("None of the early writers, such as Bacon, accurately defined torts, but the actions which they treat as torts are practically all actions such as batteries, slanders, etc., which were, of course, wilful or intentional wrongs.").

Early American cases applied the rule only in cases of wilful misconduct, allowing contribution where the tort was a matter of negligence or mistake. *Id.; e.g., Peck v. Ellis,* 2 Johns. Ch. 131 (N.Y. 1816); *Miller v. Fenton,* 11 Paige 18 (N.Y. 1844); *Hunt v. Lane,* 9 Ind. 248 (N.Y. 1816); *Thweatt's Administrator v. Jones,* 22 Va. (1 Rand.) 328 (1825); *Horbach's Administrators v. Elder,* 18 Pa. 33 (1851); *Acheson v. Miller,* 2 Ohio St. 203 (1853). But once the door was opened to joinder in one action of those who had merely caused the same damage, the great majority of American courts lost sight of the origin of the rule and proceeded to apply it generally, refusing to permit contribution even where independent, although concurrent, negligence had contributed to a single result. W. Keeton, *supra.*

Among the American courts which recognized the rule generally was the South Carolina Supreme Court:

> Since the decision in *Merryweather v. Nixan,* decided in 1799, it has been said to be an established principle of the common law that as between joint tort-feasors there is no right of contribution or indemnity, the rule being premised on the doctrine that the Courts are not

[1] *Cf. Everet v. Williams,* "The Highwayman's Case," 9 L.Q. Rev. 197 (1893) (filed before 1725, Equity side of Exchequer). This was a suit by one highwayman against another for an accounting of their plunder. The suit was dismissed, the defendant was required to pay costs, the solicitors for the plaintiff were fined for contempt, and both the plaintiff and defendant were hanged. In summary, contribution was not allowed. (The Bar may wish to note that the business of sanctioning lawyers for bringing frivolous suits is old stuff.)

open to wrongdoers to assist them in adjusting the burdens of their misconduct, and that the law will not lend its aid to one who founds his cause of action on a delict.

*Atlantic Coast Line R.R. Co. v. Whetstone*, 243 S. C. 61, 68, 132 S. E. (2d) 172, 175 (1963) (citations omitted). The rule has been stated in other decisions by our Supreme Court: *Knight v. Autumn Co., Inc.*, 271 S. C. 112, 245 S. E. (2d) 602 (1978); *Adcox v. American Home Assur. Co.*, 258 S. C. 331, 188 S. E. (2d) 785 (1972); *Rourk v. Selvey*, 252 S. C. 25, 164 S. E. (2d) 909 (1968); *Travelers Ins. Co. v. Allstate Ins. Co.*, 249 S. C. 592, 155 S. E. (2d) 591 (1967); *Brown v. Southern Ry. Co.*, 111 S. C. 140, 96 S. E. 701 (1918). However, there is no South Carolina case which, beyond dicta, directly addresses the issue of its existence, or the wisdom of its preservation.[2] *Atlantic* decided the issue of indemnity, not contribution. There is, of course, a discernible difference between indemnity and contribution, and in any case where there is a right to indemnity, contribution rules do not apply. W. Keeton, *supra*. *Knight, Adcox, Rourk, Travelers* and *Brown* also appear to decide issues other than the issue of contribution.

Nevertheless, the nonexistence of the right to contribution among joint tortfeasors is a matter long thought to have been settled as the law of this state. *See Knight*, 271 S. C. at 115, 245 S. E. (2d) at 603-04 ("It is settled in this State that there is no right of contribution among joint tortfeasors and the injured party may elect whom he will sue."). Moreover, it would be illogical to disallow indemnity while at the same time allowing contribution. We are therefore compelled to conclude that the rule against contribution is the law of South Carolina. Whether it should be is another matter entirely.

According to Professor Keeton:
The only kind words said by any writer over the last century for the rule denying contribution have been

---

[2] *Cf. Langley v. Boyter*, 284 S. C. 162, 167, 325 S. E. (2d) 550, 553 (1984), *rev'd on other grounds*, 286 S. C. 85, 332 S. E. (2d) 100 (1985). "South Carolina first acknowledged the doctrine of contributory negligence in a case where it was held inapplicable and in which the issue of whether it should be adopted as the common law of this State was not raised."

addressed to the proposition that contribution will be used chiefly to permit liability insurance companies to shift a part of the loss which they have been paid to bear to the shoulders of uninsured defendants. In reply it has been suggested that if this rule is true it is at least odd that the insurance companies are among the most vigorous opponents of the change, and that it is by no means yet true that there will be insurance in every case.

W. Keeton, *supra*, at 38 (footnotes omitted).

Half a century of vigorous attack has resulted in numerous statutes and court decisions substantially eroding the rule. *Id.* Forty-two states now recognize a right of contribution among joint tortfeasors, at least to some extent.[3] Six other states have eliminated the need for contribution by adopting comparative negligence statutes under which joint liability does not exist. *E.g., Howard v. Spafford,* 132 Vt. 434, 437, 321 A. (2d) 74, 76 (1974) ("The Vermont statute, as written, does away with joint and several liability among joint tortfeasors held liable in a judgment. They are liable only severally, and not jointly; their liability is only in the proportion that their

---

[3] (1) Alaska, Alaska Stat. §§ 9.16.010 to .060 (1983); (2) Arizona, Ariz. Rev. Stat. Ann. §§ 12-2501 to -2504, -2506, -2508, -2509 (Supp. 1987); (3) Arkansas, Ark. Stat. Ann. §§ 16-61-201 to -212 (1987); (4) California, Cal. Civ. Proc. Code Ann. §§ 875 to 883 (West 1980 & Supp. 1988); (5) Colorado, Colo. Rev. Stat. §§ 13-50.5-101 to -106 (1987); (6) Delaware, Del. Code Ann. tit. 10, §§ 6301 to 6308 (1974); (7) Florida, Fla. Stat. § 768.31 (1984); (8) Georgia, Ga. Code Ann. § 51-12-32 (1982 & Supp. 1987); (9) Hawaii, Haw. Rev. Stat. §§ 663-11 to -17 (1985 & Supp. 1987); (10) Idaho, Idaho Code §§ 6-803 to -807 (1979 & Supp. 1987); (11) Illinois, Ill. Ann. Stat. ch. 70, §§ 301 to 305 (West Supp. 1987); (12) Iowa, Iowa Code Ann. § 668.5 (West 1987); (13) Kentucky, Ky. Rev. Stat. Ann. §§ 412.030 to .060 (Michie/Bobbs-Merrill 1972); (14) Louisiana, La. Civ. Code Ann. art. 2324 (West Supp. 1988); (15) Maine, *Packard v. Whitten,* 274 A. (2d) 169 (Me. 1971); (16) Maryland, Md. Ann. Code art. 50, §§ 16 to 24 (1986); (17) Massachusetts, Mass. Gen. Laws Ann. ch. 231B, §§ 1 to 4 (West 1986); (18) Michigan, Mich. Comp. Laws Ann. §§ 600.2925a to .2925d (West 1986); (19) Minnesota, Minn. Stat. Ann. § 604.02 (West Supp. 1988); (20) Mississippi, Miss. Code Ann. § 85-5-5 (1972); (21) Missouri, Mo. Rev. Stat. § 537.060 (1988); (22) Montana, Mont. Code Ann. § 27-1-703 (1987); (23) Nebraska, *Royal Indem. Co. v. Aetna Casualty & Sur. Co.,* 193 Neb. 752, 229 N. W. (2d) 183 (1975); (24) Nevada, Nev. Rev. Stat. §§ 17.225 to .305 (1986); (25) New Hampshire, N. H. Rev. Stat. Ann. §§ 507:7-f to -i (Supp. 1987); (26) New Jersey, N. J. Stat. Ann. § 2A:15-5.3 (West 1987); (27) New Mexico, N. M. Stat. Ann. §§ 41-3-1 to -8 (1986 & Supp. 1987); (28) New York, N. Y. Civ. Prac. Law §§ 1401 to 1404 (McKinney 1976); (29) North

negligence bears to the casual negligence of the sued defendants held liable. 12 V.S.A. § 1036.").[4] The remaining two states are Alabama and South Carolina.[5] The trend against the rule was acknowledged some years ago by the United States Supreme Court:

> Typically, a right to contribution is recognized when two or more persons are liable to the same plaintiff for the same injury and one of the joint tortfeasors has paid more than his fair share of the common liability. Recognition of the right reflects the view that when two or more persons share responsibility for a wrong, it is inequitable to require one to pay the entire cost of reparation, and it is sound policy to deter all wrongdoers by reducing the likelihood that any will entirely escape liability.

*Northwest Airlines, Inc. v. Transport Workers Union*, 451 U. S. 77, 87-88, 101 S. Ct. 1571, 1578-79, 67 L. Ed. (2d) 750, 760-61 (1981) (footnotes omitted).

The lack of support for the rule is unsurprising. There is obvious injustice in permitting the entire burden of a loss, for which two people are responsible, to be shouldered by

---

Carolina, N. C. Gen. Stat. §§ 1B-1 to -7 (1983); (30) North Dakota, N. D. Cent. Code §§ 32-38-01 to -04 (1976 & Supp. 1987); (31) Ohio, Ohio Rev. Code Ann. §§ 2307.31 to .33 (Page Supp. 1987); (32) Oklahoma, Okla. Stat. Ann. tit. 12, § 832 (West Supp. 1988); (33) Oregon, Or. Rev. Stat. §§ 18.430 to .460 (1988); (34) Pennsylvania, Pa. Cons. Stat. Ann. tit. 42, §§ 8321 to 8327 (Purdon 1982); (35) Rhode Island, R. I. Gen. Laws §§ 10-6-1 to -11 (1985); (36) South Dakota, S. D. Comp. Laws Ann. §§ 15-8-11 to -22 (1984 & Supp. 1987); (37) Tennessee, Tenn. Code Ann. §§ 29-11-101 to -106 (1980); (38) Texas, Tex. Civ. Prac. & Rem. Code Ann. §§ 33.011 to .016 (Vernon 1986 & Supp. 1988); (39) Virginia, Va. Code Ann. §§ 8.01-34 to -35.1 (1984); (40) Washington, Wash. Rev. Code Ann. §§ 4.22.040 to .925 (Supp. 1988); (41) West Virginia, W. Va. Code § 55-7-13 (1981); (42) Wisconsin, Wis. Stat. Ann. §§ 113.01 to .11 (West 1988).

[4] (1) Connecticut, Conn. Gen. Stat. § 52-572h (West Supp. 1988); (2) Indiana, Ind. Code Ann. §§ 34-4-33-1 to -14 (Burns 1986); (3) Kansas, Kan. Stat. Ann. §§ 60-258a, -258b (1983 & Supp. 1987); (4) Utah, Utah Code Ann. §§ 78-27-37, -38 (1987); (5) Vermont, Vt. Stat. Ann. tit. 12, § 1036 (1973 & Supp. 1987); (6) Wyoming, Wyo. Stat. § 1-1-109 (1977 & Supp. 1987).

[5] We are not unmindful of the fact that the General Assembly has recently adopted a statute, allowing contribution among joint tortfeasors in some circumstances. *See* 1988 S. C. Acts No. 432 ("South Carolina Contribution Among Tortfeasors Act"). However, no argument is made for the retroactive application of this statute in the instant case.

one alone, while the other goes scot free. As our Supreme Court has held: "There is no tenet more fundamental in our law than liability follows the tortious wrongdoer." *Fitzer v. Greater Greenville S. C. Young Men's Christian Assoc.*, 277 S. C. 1, 3, 282 S. E. (2d) 230, 231 (1981). The injustice is particularly obvious where the person who is made to shoulder the entire burden did not act intentionally or in concert with the other person. Whether this Court has the authority to modify the rule is another matter still.

As previously discussed, the decisions of our Supreme Court clearly recognize the rule.

> The South Carolina Court of Appeals was made a part of the unified judicial system to address a mounting plethora of appeals and thereby make the appellate process more efficient. The maintenance of a harmonious body of decisional law is essential to the efficient administration of justice. Therefore, if the judicial system is to operate efficiently, this court must be bound by decisions of the Supreme Court. Where, as here, the law is unmistakably clear, this court has no authority to change it.

*Shea v. South Carolina Dep't of Mental Retardation*, 279 S. C. 604, 608, 310 S. E. (2d) 819, 821 (Ct. App. 1983). The Supreme Court may want to grant certiorari and modify its previous decisions recognizing the rule but this Court cannot do so. *Cf. Ludwick v. This Minute of Carolina, Inc.*, 283 S. C. 149, 321 S. E. (2d) 618 (Ct. App. 1984) (where the Court of Appeals invited certiorari for the purpose of modifying the rule relating to an employment at-will); *Ludwick v. This Minute of Carolina, Inc.*, 287 S. C. 219, 337 S. E. (2d) 213 (1985) (where the Supreme Court, after granting certiorari, modified the rule).

For these reasons, the order of the Circuit Court is

Affirmed.

SHAW, J., and LITTLEJOHN, Acting Judge, concur.