611 S.E.2d 259

COWDEN ENTERPRISES, INC., Respondent,

v.

EAST COAST MILLWORK DISTRIBUTORS, f/k/a Arndt and Herman Lumber Co., Builders Firstsource–Southeast Group, Inc., f/k/a Pelican Companies, Inc., Agee–McCoy, Inc., Senergy, Inc., Floyd B. Conner, Jr., d/b/a FBC Construction Co., and J.F. Bihlear Construction, Inc., Defendants,

Of Whom Senergy, Inc. is the Appellant.

No. 3928.

Court of Appeals of South Carolina.

Heard Dec. 14, 2004.

Decided Jan. 24, 2005.

Rehearing Denied April 21, 2005.

D. Andrew Williams and Curtis L. Ott, both of Columbia, for appellant.

Albert A. Lachour, III, of Charleston, for respondent.

WILLIAMS, J.:

In this civil action, Senergy, Inc., appeals a circuit court order holding it liable to Cowden Enterprises, Inc., on a claim for contribution.  We reverse.

## FACTS

Cowden Enterprises acted as general contractor on a home constructed for John and Dawn Thomas in 1994.  In February 2000, the Thomases brought suit against Cowden, alleging the

home developed moisture intrusion problems as a result of several flaws in the home's exterior, including defective exterior cladding. The faulty cladding used on the home was manufactured by Senergy, Inc., and marketed as "EIFS" (Exterior Insulation and Finish System). Cowden promptly settled the Thomases' entire claim relating to the residence for $81,328 and brought subsequent contribution claims against all other manufacturers, suppliers and subcontractors involved in the construction of the home's exterior, including Senergy. Cowden resolved its claims against all joint tortfeasors except Senergy, which asserted as its defense a class action settlement that allegedly resolved all claims relating to EIFS defects.

In 1998, Senergy entered into a national class action settlement entitled *Ruff, et al. v. Parex, et al.*, 96 CVS 0059 (N.C.Supp.Ct.Div.1998). The *Ruff* Settlement Agreement, approved for fairness by the North Carolina Superior Court after prolonged litigation and negotiation, set forth the following definition of the settlement class:

> Settlement Class means a class composed of all Persons who, as of the Notice Date, have owned or own Property in the United States clad, in whole or in part with the Settling Defendants' EIFS.

The North Carolina Special Superior Court Judge for Complex Business Cases noted, in approving the national settlement class and notice plan, that he was "particularly attuned to the fact that this was a nationwide settlement and made a special effort to see that the Notice Plan targeted homeowners in those parts of the country in which [Synergy] sold [its] products." Written notice was mailed to all ascertainable settlement class members, and all were given the option to "opt out" of the class by August 1998.

It is undisputed that the Thomases were the owners of the residence on the settlement's notice date, but they neither made a claim for compensation prior to the agreement's four-year cut off date, nor opted out of the settlement class. Accordingly, Senergy made no payments under the *Ruff* agreement for damage to the Thomas residence. Senergy nevertheless asserted at trial that the settlement agreement, and its accompanying release by the entire settlement class,

barred Cowden's contribution claim. The parties stipulated that if Senergy is not protected by the *Ruff* settlement agreement, the sum due to Cowden as Senergy's pro-rata share of the damages is $17,500.

The circuit court held Senergy was not protected by the *Ruff* settlement agreement and awarded Cowden $17,500 under its claim for contribution. This appeal followed.

## STANDARD OF REVIEW

■ When an appeal involves stipulated or undisputed facts, an appellate court is free to review whether the trial court properly applied the law to those facts. *WDW Prop. v. City of Sumter*, 342 S.C. 6, 10, 535 S.E.2d 631, 632 (2000). In such cases, the appellate court is not required to defer to the trial court's legal conclusions. *Scott v. Brunson*, 351 S.C. 313, 316, 569 S.E.2d 385, 387 (Ct.App.2002).

## LAW/ANALYSIS

■ Senergy argues the circuit court erred in finding it was not protected from contribution claims arising from alleged EIFS defects by the *Ruff* settlement agreement. We agree. Since no right to contribution among joint tortfeasors existed in South Carolina common law, Cowden's claim arises solely under the South Carolina Contribution Among Tortfeasors Act ("the Act"), S.C.Code Ann. §§ 15-38-10 to -70 (Supp.2003). *See M & T Chemicals, Inc. v. Barker Indus., Inc.*, 296 S.C. 103, 106, 370 S.E.2d 886, 888 (Ct.App.1988) (reluctantly finding no common law right to contribution in South Carolina prior to the Act's 1988 enactment). "Because the Act is in derogation of the common law, it must be strictly construed." *G & P Trucking v. Parks Auto Sales Serv. & Salvage, Inc.*, 357 S.C. 82, 87, 591 S.E.2d 42, 44 (Ct.App.2003). Cowden's only claim against Senergy is for contribution and, accordingly, may only succeed if it meets the strictly construed requirements set forth in the Act.

According to the Act, where two or more persons become jointly or severally liable in tort for the same injury to property, a right of contribution arises among them, even if judgment has not been recovered against all or any of them. S.C.Code Ann. § 15-38-20(A) (Supp.2003); *Vermeer Car-*

*olina's, Inc. v. Wood/Chuck Chipper Corp.*, 336 S.C. 53, 68, 518 S.E.2d 301, 309 (Ct.App.1999). In these situations, the right of contribution exists only in favor of a tortfeasor who, like Cowden, has paid more than his pro rata share of the common liability. S.C.Code Ann. § 15–38–20(B) (Supp.2003); *Vermeer*, 336 S.C. at 68, 518 S.E.2d at 309. This right to contribution, however, is subject to certain limitations set forth in the Act. S.C.Code Ann. § 15–38–20(A) (Supp.2003).

■ One such limitation is laid out in section 15–38–50, which reads, "[w]hen a release ... is given in good faith to one of two or more persons liable in tort for the same injury ... (2) it discharges the tortfeasor to whom it is given from all liability for contribution to any other tortfeasor." S.C.Code Ann. § 15–38–50 (Supp.2003). The plain language of this limitation on contribution yields only one interpretation, namely that once a joint tortfeasor obtains a release from a plaintiff, he is no longer liable for contribution claims arising from injuries subject to that release.[1] *See South Carolina Nat'l Bank v. Stone*, 749 F.Supp. 1419, 1430 (D.S.C.1990) ("[A] Settling Defendant is insulated from later contribution claims by co-tortfeasors if he obtains a good faith release ... from the Plaintiff."); *see also* Restatement Third, Torts: Apportionment of Liability, § 23(a) (2000) ("[When one joint tortfeasor discharges the liability of another], the person discharging the liability is entitled to recover contribution from the other, *unless the other previously had a valid settlement and release from the plaintiff*." (emphasis added)).

---

1. Cowden asserts on appeal that subsection (1) of section 15–38–50 requires an actual monetary payment to the plaintiff by the party asserting a release in order for that release to insulate them from contribution claims. As subsection (1) refers only to liability of other joint tortfeasors following a valid release by one jointly liable party, we do not adopt Cowden's interpretation. Although subsection (1) does outline a setoff Cowden was possibly entitled to assert against the Thomases, it does not speak to the contribution liability of Senergy, the party asserting the defense of a good faith release. *See* S.C.Code Ann. § 15–38–50(1) (Supp. 2003) ("[When a release is given to a joint tortfeasor,] it does not discharge any of the other tortfeasors from liability for the injury ... but it reduces the claim against the others to the extent of any amount stipulated by the release ... or in the amount of the consideration paid for it, whichever is the greater.").

■ As previously noted, the Thomases were the owners of record on the notice date for the national class action settlement and did not opt out of the settlement class. In its order approving the *Ruff* agreement, the North Carolina Court stated the following:

"All persons falling within the definition of the Settlement Class who did not timely and validly request exclusion ... are Settlement Class Members and are bound by Settlement Agreement, *the settlement and releases contained therein,* and the Final Order and Judgment, and do not have any further opportunity to opt out of the settlement class."

*Ruff, et al. v. Parex, et al.,* 96 CVS 0059 (N.C.Supp.Ct.Div. 1998). The *Ruff* agreement states, under the heading *Releases and Assignments,* "each settlement class member ... does hereby release and forever discharge [Senergy] ... from any and all Settled Claims ... [e]ach Releasing Party, upon entry of the Final Order and Judgment ... shall be deemed to and hereby does release and discharge [Senergy] of and from any and all Settled Claims." Furthermore, the court specifically found "the parties have reached accord with respect to a Settlement that provides substantial benefits to Settlement Class Members, in return for *a release and dismissal of the claims* ...." *Id.* (emphasis added). Under the Full Faith and Credit Clause of the United States Constitution, we may not disregard the judicial proceedings of the North Carolina Court, even as they relate to a national class action lawsuit. U.S. Const. Art. IV, § 1; *See Matsushita Elec. Indus. Co. v. Epstein,* 516 U.S. 367, 374, 116 S.Ct. 873, 134 L.Ed.2d 6 (1996) ("[A] judgment entered in a class action, like any other judgment entered in a state judicial proceeding, is presumptively entitled to full faith and credit."); *Hospitality Management Assoc., Inc. v. Shell Oil Co.,* 356 S.C. 644, 591 S.E.2d 611 (2004) (granting full faith and credit to two nationwide class action settlements from other state courts as they apply to local members of the national settling classes). We therefore conclude the Thomases, as settlement class members, were bound by the terms of the national class action settlement granting Senergy a release from liability.

Cowden puts much stake in the fact that builders and contractors were expressly excluded as members of the settlement class by the terms of the *Ruff* settlement agreement.

We are not swayed by its arguments based on this exclusion. The fact that Cowden and other contractors were excluded from filing claims under the settlement in no way alters the unambiguous release granted to Senergy by the terms of the *Ruff* settlement. Cowden's claim arises under a statutory contribution scheme which this court is bound to strictly follow. While we recognize the unfortunate outcome the Act demands in this case, we nevertheless conclude Senergy received a good faith release from the Thomases under the *Ruff* settlement prior to Cowden's payment of the entire claim. Senergy, therefore, is insulated from Cowden's contribution claim under Section 15–38–50(2) of the South Carolina Code (Supp.2003).

For the foregoing reasons, the circuit court's decision is **REVERSED.**

HEARN, C.J., and GOOLSBY, J., concur.